**UNITED STATES v. FUJIMOTO et al.**

Cr. No. 10495.

United States District Court
D. Hawaii.

Oct. 29, 1952.

See also 199 F.2d 27.

A. William Barlow, U. S. Atty., District of Hawaii, Honolulu, T. H., John C. Walsh, Howard K. Hoddick, Rex A. McKittrick, Thomas J. Mitchell, Sp. Assts. to the Atty. Gen., for plaintiff.

Bouslog & Symonds, Honolulu, T. H., Richard Gladstein, San Francisco, Cal., for defendants Charles Kazuyuki Fujimoto, Dwight James Freeman, Jack Wayne Hall, Eileen Toshiko Fujimoto and John Ernest Reinecke.

A. L. Wirin, Los Angeles, Cal., for defendants Jack Denichi Kimoto and Koji Ariyoshi.

WIIG, District Judge.

Defendants, under indictment and awaiting trial for conspiring to violate the Smith Act, 18 U.S.C.A. § 2385, filed a motion for reconsideration of the oral ruling made by the Court on February 5, 1952, 102 F.Supp. 890, denying all of the motions referred to therein; a motion to dismiss the trial jury panel and an amendment thereto; a motion for order transferring the place of trial; and a motion for additional peremptory challenges.

■ Argument on the motion for reconsideration of the oral ruling was granted, limited however to the Court's ruling on the motion to dismiss the indictment. Defendants urge that the indictment is insufficient with respect to allegations as to clear and present danger and intent.

A similar contention was made in United States v. Schneiderman, D.C., 102 F.Supp. 87, 97, and the Court, acting out of an abundance of caution, held that the indictment, substantially the same as the indictment herein, did "not allege the intent essential to charge that the means claimed to be employed by the conspirators would, if pursued, constitute any criminal offense against the United States." Thereafter, the grand jury returned a new indictment which included in the charging clauses the phrase "as speedily as circumstances permit" after the words "force and violence".

Indictments charging violations of the Smith Act, similar to the indictment in this case, have been attacked for the same and additional reasons in three other districts. In United States v. Dennis, 2 Cir., 183 F. 2d 201, 207, Circuit Judge Learned Hand, speaking of the indictment, said " * * * it is patent on the merest inspection that the indictment is sufficient; even had it not been, any variances would have been harmless error." Indictments of the same pattern have been upheld in United States v. Frankfeld, D.C., 101 F.Supp. 449, and upon motion for reconsideration in D.C., 102 F.Supp. 422; United States v. Flynn, D.C., 103 F.Supp. 925; and United States v. Fujimoto, D.C., 102 F.Supp. 890 (this case).

It was urged by the defendants that the Supreme Court of the United States in United States v. Dennis, 341 U.S. 494, 71 S.Ct. 857, 860, 95 L.Ed. 1137, did not pass upon the validity of the indictment because that issue was not before the Court. It is true that the Supreme Court granted certiorari limited to two questions: "(1) Whether either § 2 or § 3 of the Smith Act inherently or as construed and applied in the instant case, violates the First Amendment and other provisions of the Bill of Rights; (2) whether either § 2 or § 3 of the Act, inherently or as construed and applied in the instant case, violates the First and Fifth Amendments because of indefiniteness." The final paragraph of the majority opinion, written by Mr. Chief Justice Vinson, reads:

"We hold that §§ 2(a) (1), 2 (a) (3) and 3 of the Smith Act, do not inherently, or as construed or applied in the instant case, violate the First Amendment and other provisions of the Bill of Rights, or the First and Fifth Amendments because of indefiniteness. Petitioners intended to overthrow the Government of the United States as speedily as the circumstances would permit. Their conspiracy to organize the Communist Party and to teach and advocate the overthrow of the Government of the United States by force and violence created a 'clear and present danger' of an attempt to overthrow the Government by force and violence. They were properly and constitutionally convicted for violation of the Smith Act. The judgments of conviction are affirmed."

In *construing and applying* the appropriate sections of the Smith Act in the Dennis case, it is evident that the Supreme Court would not have decided the constitutional questions involved had the convictions been founded on insufficient indictments. Defendants strongly urged that Fontana v. United States, 8 Cir., 262 F. 283, a case involving the Espionage Act, supports their contention that this indictment is insufficient. The court has examined the Fontana case carefully, and other cases cited by defendants in their argument. They are not controlling in the present issue.

The motion to dismiss is denied.

The motion to dismiss the trial jury panel because the jury list from which it was drawn was not validly selected, and the amendment to the motion, sets forth four grounds in support of the proposition that the jury list was not selected in accordance with pertinent statutory provisions and constitutional requirements. The motion and the amendment are each supported by an affidavit of one of the defendants. In this

connection, the Court has considered other motions and affidavits on file in this case which relate to the validity of the jury lists which are used to make up the grand jury and the trial jury panel.

Defendants urged in their oral argument and points and authorities submitted to the Court what they considered to be new matters affecting the validity of the trial jury panel, which were not considered by Circuit Judge Stephens in his opinion of June 12, 1952, 105 F.Supp. 727, in which it was held that the grand jury which returned the indictment herein and the trial jury panel were legally selected, and matters which have arisen since the date of that opinion.

▮ If the facts set forth in the new affidavits and their relation to other facts contained in the affidavits on file were of such a nature as to impel the Court to give additional consideration to defendants' motion and the amendment to the motion, the Court would feel constrained to make an outline of the facts. But such is not the case. The burden of proof is on the defendants to show an intentional exclusion amounting to discrimination in violation of their constitutional rights, and the prejudice to them caused by the discrimination claimed. Careful consideration of this matter leads me to believe that the defendants have not sustained their burden of proof, and accordingly the motion to dismiss the trial jury panel is denied.

▮ The motion for an order transferring the place of trial from Honolulu, City and County of Honolulu, to Hilo, County of Hawaii, Wailuku, County of Maui, or Lihue, County of Kauai, is based on the ground that there is so great a prejudice against the defendants in Honolulu that they cannot obtain a fair and impartial trial. An affidavit made by one of the defendants, attached to the motion, states that in his opinion, based upon his observations and experience, there is distinctly more hysteria and/or fear regarding Communism in Honolulu than on the outside islands, and more hostility toward the International Longshoremen's and Warehousemen's Union (of which another defendant is Regional Director in Honolulu) than on the outside islands. After stating certain conclusions based on the affiant's observations, the affidavit concludes by stating that the chances of defendants' receiving a fair and impartial trial at a place outside the City and County of Honolulu are correspondingly stronger.

Another affidavit made by the same affiant approximately two weeks before the one above mentioned, which is attached to the motion for additional peremptory challenges, indicates to the Court that the prejudice claimed by the defendants exists on the other principal islands of the Territory of Hawaii.

In an affidavit filed by the Government, which opposes the motion for an order transferring the place of trial, there is attached a clipping from the newspaper "The Honolulu Record," dated June 19, 1952, in which the defendant Koji Ariyoshi is quoted as stating:

"I do not believe we have mass hysteria here in Hawaii, and that is to the credit of the people of Hawaii, particularly the militant trade unionists."

Apparently the defendants are not in full agreement as to the quantity and location of the hysteria and hostility alleged to exist, and the conflicting statements are of little assistance to the Court on this score.

This Court has previously stated that it will do its level best to insure a fair trial of the defendants, and the Court is of the opinion that it has the power to see that that is done. In the judgment of the Court, the transfer of the trial to another city in the Hawaiian Islands would not affect the fairness and impartiality of the trial of the defendants.

The motion is denied.

▮▮ Under Rule 24(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the Court has power in its discretion to grant additional peremptory challenges in cases involving more than one defendant. The seven defendants in their motion requested the Court to grant fourteen additional peremptory challenges—two for each defendant. In other cases involving trials for violations of the Smith Act, the courts have granted additional peremptory challenges to the defendants, but this Court

knows of no case in which so many additional challenges were permitted.

The principal reason for granting additional peremptory challenges is to assist in the selection of a fair and impartial jury, and this power and discretion of the court carries on until such time as the trial jury is selected to hear the case. The Court is of the opinion that as the record and proceedings in this case now stand, the granting of one additional peremptory challenge to each of the defendants will suffice to reach the above-mentioned result.

Accordingly, it is ordered that, in addition to the ten peremptory challenges authorized by Rule 24, each defendant will be entitled to one additional peremptory challenge.