Stephen KONG, Jr., Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 14086.

United States Court of Appeals
Ninth Circuit.

Nov. 9, 1954.

---

O. P. Soares, Honolulu, Hawaii, for appellant.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

DENMAN, Chief Judge.

Kong appeals from a judgment in a jury tried case sentencing him to imprisonment upon an indictment charging that he "did endeavor to influence, obstruct and impede the due administration of justice in that he did knowingly, wilfully, unlawfully, feloniously and corruptly endeavor to influence, intimidate and impede Samson Nani Peneku, the said Samson Nani Peneku being then and there a trial juror duly impaneled and sworn in the case of United States v. Charles Fujimoto, 107 F.Supp. 865, in the United States District Court for the Territory of Hawaii, in violation of Section 1503, Title 18, United States Code."

His several grounds of appeal are discussed successively.

■ A. *Defendant was not denied a speedy trial in violation of the Sixth Amendment.*

The claimed errors in this regard are that the court denied appellant's motion to dismiss the indictment and his motion for a judgment of acquittal on the ground that appellant was deprived of his right to a speedy trial.

The facts are that the grand jury's indictment of Kong was placed on the secret file for something less than three months before it was openly filed. The reason given by the judge for such action is that the juror whom Kong was charged with endeavoring to influence was one of a jury impanelled to try a Smith Act [18 U.S.C.A. § 2385] prosecution and the judge believed it might create a climate prejudicial to some of the defendants in the Smith Act case. That case is now pending in the court and we know of its 79 witnesses in its huge transcript of the evidence of over 20,000 pages, some of whom might be influenced, as well as the jurors.

The record in Kong's pending case shows that he not only offered no evidence of any prejudice to him in the less

than three months before the open filing but that he frankly stated there was none.

We agree with the statement of the Supreme Court in Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950:

> "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice."

There is ample justification in the public interest for the less than three months delay.

Furthermore, there is Kong's statement that in the period the indictment was in the secret file nothing occurred which affects his defense. We are in accord with the statement of the Third Circuit in United States v. Holmes, 168 F.2d 888, where at page 891 the court said:

> "In the complete absence of any indication that the instant defendant was adversely affected in the preparation or prosecution of his defense by the lapse of time in bringing this case to trial, we can see no ground for complaint by defendant on that score."

**B.** *The indictment adequately charged the crime created by 18 U.S.C. § 1503.*

The pertinent portions of § 1503 are "Whoever corruptly * * * endeavors to influence * * * or impede * * * any grand or petit jury * * * shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The pertinent portion of the indictment charges that Kong "did endeavor to influence, obstruct and impede the due administration of justice in that he did knowingly, wilfully, unlawfully, feloniously and *corruptly* endeavor to influence, intimidate and impede Samson Nani Peneku, the said Samson Nani Peneku being then and there a trial juror duly impaneled and sworn." (Emphasis supplied.)

Kong contends that the indictment is fatally insufficient because the word "corruptly" does not appear before the first word "endeavor". We think its use in the charging words "did * * * corruptly endeavor to influence * * Peneku" sufficiently describes the crime created by Section 1503. It is the "plain, concise and definite written statement of the essential facts constituting the offense charged" of Section 7(c) of the Rules of Criminal Procedure, 18 U.S.C. In Fredrick v. United States, 9 Cir., 163 F.2d 536, at page 546 we stated:

> "Before leaving the subject of the sufficiency of the information, we might do well to advert to the oft-quoted but oft-ignored statutory admonition—18 U.S.C.A. § 556: 'No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant * * *.' "

Furthermore,

> "On the hearing of any appeal * * * in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C.A. § 2111.

In accord are Hicks v. United States, 4 Cir., 173 F.2d 570; Martin v. United States, 4 Cir., 299 F. 287, 288.

**C.** *The solicitation of the juror is an "endeavor" to influence him within the use of that word in 18 U.S.C. § 1503.*

The testimony supporting the verdict in this respect is that Kong and Peneku were together in Peneku's home with other people when Kong sought to talk with Peneku alone. The two went to

another room. There the testimony is as follows:

"Q. Just tell us as well as you can remember, Mr. Peneku, what was said to you and what you said to him. A. Yes, sir. Well, he said he wanted me to vote not guilty against the Smith Act because Harriet was a great friend of his.

"Q. Who was a great friend of his? A. Harriet.

* * * * * *

"Q. (by Mr. Richardson). What was it that was said about Harriet? A. That Harriet was a great friend of his, that she was going to take up his case on Maui for his mother.

"Q. And you stated he asked you to vote not guilty? A. Yes, sir."

Peneku further testified that Kong stated that Harriet was attorney Harriet Bouslog. The Smith Act record shows she represented two defendants in that case. There is no suggestion that Mrs. Bouslog sought Kong's appeal to Peneku. Also it appears that after the attempt to influence Peneku, Kong told his fiancee what occurred there and said to her to forget it.

Kong's contention seems that the word "endeavor" does not mean the above described action of Kong. We do not agree. In the case of United States v. Russell, 255 U.S. 138, 41 S.Ct. 260, 261, 65 L.Ed. 553, the court was considering the word "endeavor" then appearing in Criminal Code § 135, the predecessor of 18 U.S.C. § 1503. There Russell sought to influence a juror on the general panel but not chosen in any particular case, through his wife, of whom Russell inquired whether her husband was favorable to an acquitttal, for if he were he might receive a bribe. The court, in considering the word "endeavors" in the phrase "endeavors to influence, obstruct, or impede" which appears in the earlier statute and as it does in § 1503, stated:

"The word of the section is 'endeavor,' and by using it the section got rid of the technicalities which

might be urged as besetting the word 'attempt,' and it describes *any* effort or essay to do or accomplish the evil purpose that the section was enacted to prevent." (Emphasis supplied.)

 D. *The "purpose" Kong had in seeking to influence the juror is immaterial.*

Kong contends the court erred in not giving an instruction that his "purpose" in seeking to influence the juror must be shown to be corrupt before he could be found guilty. We agree with the appellee that if one commits such a felonious act, it is immaterial that he has the highest motive, such as in a case where he personally knows an indicted person has a complete alibi, because the accused was with him at a distant place when the crime occurred. The government, as well as the accused, is entitled to due process of law.

The judgment is affirmed.