## UNITED STATES v. RUSSELL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 143.  Argued January 17, 1921.—Decided February 28, 1921.

1. An experimental approach through a third person to the corruption
   of a juror is enough to constitute an "endeavor" within Crim. Code,
   § 135.  P. 143.
2. The term "endeavor" in this section is not subject to the technical
   limitations of "attempt," but embraces any effort or essay to ac-
   complish the evil purpose that the section was enacted to prevent.
   *Id.*
3. The section applies where the juror has been summoned to attend
   the session at which the trial in view is to be held but has not been
   selected or sworn.  *Id.*

Reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Stewart,* with whom
*Mr. Oliver E. Pagan,* Special Assistant to the Attorney

General, and *Mr. W. C. Herron* were on the brief, for the United States.

The following authorities were cited for the Government: *Commonwealth* v. *Kennedy*, 170 Massachusetts, 18; Bishop, New Criminal Law, vol. i, §§ 435, 436; *People* v. *Murray*, 14 California, 159, 160; *United States* v. *Stephens*, 12 Fed. Rep. 52, 54; *Commonwealth* v. *Peaslee*, 177 Massachusetts, 267; *Commonwealth* v. *Hill*, 11 Massachusetts, 135, 136; *United States* v. *Quincy*, 6 Pet. 443, 464; *United States* v. *Bittinger*, Fed. Cas. No. 14,598; *Swift &. Co.* v. *United States*, 196 U. S. 375, 396; *Rex* v. *Vaughan*, 4 Burr. 2494; *Rex* v. *Isherwood*, 2 Lord Kenyon, 202; *Rex* v. *Plympton*, 2 Lord Raymond, 1377; *Rex* v. *Gurney*, 10 Cox C. C. 550; *State* v. *Ellis*, 33 N. J. L. 102; *United States* v. *Worrall*, 2 Dall. 384; Wharton's State Trials, 139; *State* v. *Carpenter*, 20 Vermont, 9, 12; *Walsh* v. *People*, 65 Illinois, 58, 60; *Commonwealth* v. *Murray*, 135 Massachusetts, 530, 532; *Light's Case*, [1915] 11 Crim. App. Cas. 111, 113; Stephen, Digest of Criminal Law, c. v, art. 49; *Laitwood's Case* [1910], 4 Crim. App. Cas. 248; *White's Case* [1910], 4 Crim. App. Cas. 257, 271; *Robinson's Case* [1915], 11 Crim. App. Cas. 124; *State* v. *Hurley*, 79 Vermont, 28; *Rex* v. *Taylor*, 1 F. & F. 511; *People* v. *Sullivan*, 173 N. Y. 122, 133–136; *People* v. *Youngs*, 122 Michigan, 292, 295 (dissenting opinion); Beale, Criminal Attempts, 16 Harv. Law Rev. 491.

*Mr. Otto Christensen* for defendant in error.

The following authorities were cited for the defendant in error: Bouvier (1897), vol. i, p. 190 (attempt); *People* v. *Murray*, 14 California, 159; *United States* v. *Stephens*, 12 Fed. Rep. 52, 54; *Hicks* v. *Commonwealth*, 86 Virginia, 223; *Groves* v. *State*, 116 Georgia, 516; *People* v. *Youngs*, 122 Michigan, 292; *State* v. *Hurley*, 79 Vermont, 28, 33; *Patrick* v. *People*, 132 Illinois, 529.

To constitute an "attempt" or "endeavor" to in-

fluence a juror, it is necessary to show, not only that that was the defendant's purpose, but that he performed some acts beyond mere preparation which would "amount to the commencement of the consummation." We have only an unaccepted solicitation of a third person to ascertain a juror's attitude towards men held for trial; if we are to assume that the defendant here had in mind, upon receiving information that the juror was not hostile to the men about to be placed on trial, to "corruptly endeavor to influence" such juror, his conduct amounted to nothing but preparation for the "endeavor." Between the two—preparation for the endeavor and the endeavor itself to influence a juror—there is a wide difference.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Review of an indictment in two counts for violation of § 135 of the Criminal Code of the United States, which provides as follows:

"Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or officer acting as such commissioner, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or officer acting as such commissioner, in the discharge of his duty, or who corruptly or by threats or force, or by any threatening letter or threatening communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede the due administration of justice therein, shall be fined not more than one thousand dollars, or imprisoned not more than one year, or both."

The Government does not press the case on count two. It is only necessary, therefore, to consider count one. It charges defendant with unlawfully and corruptly endeavoring to influence one William D. Russell, who, he well knew, was a petit juror in the court in the discharge of his, the juror's, duty, and who he knew had been summoned as a petit juror on April 3, 1918, at which time the trial of William D. Haywood and others was to begin. The manner of the execution of the violation of the section, the indictment details as follows: "Endeavoring to ascertain in advance of the examination of said William D. Russell in said court as to his qualifications to sit as a petit juror at said trial whether said William D. Russell was favorably inclined towards said William D. Haywood and his codefendants, and corruptly to induce said William D. Russell to favor the acquittal of said William D. Haywood and his codefendants in case he should be selected as a petit juror at said trial, said L. C. Russell, on said April 1, 1918, called at the home of said William D. Russell at No. 604 West Thirty-first Street, in said city of Chicago, and engaged Lucy Russell, wife of said William D. Russell, in a conversation, in the course of which said L. C. Russell told said Lucy Russell that he represented said William D. Haywood and his codefendants and requested her to question her husband as to his attitude towards said William D. Haywood and his codefendants in the matter of the charges contained in said indictment and report the result of such questioning to him, the said L. C. Russell, because, as said L. C. Russell then and there stated to said Lucy Russell, they (meaning said William D. Haywood and his codefendants) did not want to pay money to any of the petit jurors sitting at the trial of said case unless they knew such petit jurors would favor their acquittal; by means of which request and statement said L. C. Russell conveyed to Lucy Russell, and endeavored to convey to said Wil-

liam D. Russell, an offer to pay money to said William D. Russell in return for his favoring such acquittal; . . . ."

Defendant demurred to the indictment on the ground that it did not appear therefrom by any sufficient averment or recital of "jurisdictional facts that any cause involving any issue of fact triable by a jury was, at the time in said indictment mentioned, pending in the District Court of the United States, or any other court, whereby the above named United States District Court does or could acquire jurisdiction in the premises."

The enumeration of the deficiencies of the indictment may be summarized as follows: It did not appear that William D. Russell possessed the qualifications to act as a juror; or had been duly and regularly drawn and summoned; or had been examined and accepted as a juror at the array; it cannot be ascertained at what time and place the alleged conversation was had; or at what time Lucy Russell received the impression of the meaning of the conversation; or that she had access to her husband or had opportunity, or could have communicated the conversation to him; or that defendant knew she had such opportunity; or that William D. Russell was a juror in any particular case.

The demurrer was sustained and the indictment dismissed. This writ of error was then allowed.

Necessarily, the first impression of the case is that defendant had some purpose in his approach to Lucy Russell and in the proposition he made to her. What was it, and how far did he execute it? Counsel admits that defendant's purpose was to "find out what his [L. C. Russell's] attitude was towards the defendants" to be tried. And that this (we are stating the effect of counsel's contention) was only in preparation of a sinister purpose, that the defendants in the case did not wish to undertake, or, to use the language of the indictment, did

not "want to pay money to any of the petit jurors sitting at the trial of said case unless they knew such petit jurors would favor their acquittal." And this, counsel says, "only amounted to a solicitation of a third person who did not accept or act in furtherance of such solicitation," and "could be interpreted only . . . to be *preparation* [italics counsel's] for an 'endeavor' or 'attempt' to influence the juror, but falls far short of an actual endeavor to do so."

Counsel enters into quite a discussion, with citation of cases, of the distinction between preparation for an attempt and the attempt itself, and charges that there is a wide difference between them.

We think, however, that neither the contention nor the cases are pertinent to the section under review and upon which the indictment was based. The word of the section is "endeavor," and by using it the section got rid of the technicalities which might be urged as besetting the word "attempt," and it describes any effort or essay to accomplish the evil purpose that the section was enacted to prevent. Criminality does not get rid of its evil quality by the precautions it takes against consequences, personal or pecuniary. It is a somewhat novel excuse to urge that Russell's action was not criminal because he was cautious enough to consider its cost and be sure of its success. The section, however, is not directed at success in corrupting a juror but at the "endeavor" to do so. Experimental approaches to the corruption of a juror are the "endeavor" of the section. Guilt is incurred by the trial—success may aggravate, it is not a condition of it.

The indictment charges that defendant knew that William D. Russell was a petit juror in the discharge of his duty as such juror and, therefore, an endeavor to corruptly influence him was within the section, though he was not yet selected or sworn. *State* v. *Woodson*, 43

La. Ann. 905. The court, hence, erred in sustaining the demurrer and dismissing the indictment.

*Judgment reversed and cause remanded for further proceedings in conformity with this opinion.*