James Timothy OVERTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24978.

United States Court of Appeals Fifth Circuit.

Nov. 5, 1968.

James R. Gillespie, Fred A. Semaan, San Antonio, Tex., for appellant.

Andrew L. Jefferson, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

WILLIAM A. McRAE Jr., District Judge:

This is an appeal by James T. Overton from a conviction on the second count of a two count indictment charging a conspiracy to intimidate a witness in a federal prosecution, and the substantive offense of intimidating the witness. The statute involved is 18 U.S.C. § 1503.[1]

1. Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any

Richard Hinton was under investigation by the FBI in connection with a bank robbery. He told the agents he had participated in the robbery with Charles Ray Overton, brother of appellant.

Before the date set for the trial of Charles Ray Overton, appellant commenced a series of personal contacts with Mrs. Betty Hinton, wife of the witness Richard Hinton. During this period Hinton was at all times in the Travis County Jail, Austin.

On April 20, 1967, appellant telephoned Mrs. Hinton at her home in Austin, and said "Betty, this isn't a threat. But somebody up there is doing some talking, and tell Richard to tell whoever it is to shut up." Mrs. Hinton promptly delivered that message to her husband in the jail.

Shortly afterward, appellant and his wife went to the Hinton home and had a conversation with Mrs. Hinton. Appellant asked Mrs. Hinton if Richard Hinton was going to take the stand and testify against Charles Ray Overton. Appellant told Mrs. Hinton that he had seen a statement which had been made by Richard Hinton. He also told her that he would hate to see his brother get more time to serve in the penitentiary. Appellant then commented that he did not know what was wrong with Richard, and that Richard should know that he wouldn't be able to live in Austin and "walk the streets." Mrs. Hinton likewise conveyed this statement to Richard Hinton.

A little later appellant again returned to the Hinton house and asked Mrs. Hinton if Richard was going to take the stand against appellant's brother.

On May 14, 1967, the day before the trial of Charles Ray Overton, Richard Hinton advised the prosecutor and the FBI agent assigned to the case that he was going to refuse to testify because he was afraid for himself and his family. He stated that his fears were based upon the various reports made to him by his wife after the telephone call and the visits by appellant to the Hinton home.

After reflection, Hinton decided to resume his cooperation with the authorities, and he did in fact testify at the trial of Charles Ray Overton and others.

▮ Appellant's first contention is that the evidence is not sufficient to sustain a conviction under count two of the indictment, which charges that appellant did corruptly and by threats endeavor to influence, intimidate and impede the witness Richard Hinton in violation of 18 U.S.C. § 1503. This contention is manifestly without merit.

It was incumbent upon the prosecution to prove beyond a reasonable doubt that appellant acted either corruptly or by threats in an endeavor either to influence, intimidate or impede the witness Hinton. Smith v. United States, 234 F.2d 385 (5th Cir. 1956), Samples v. United States, 121 F.2d 263 (5th Cir. 1941). Even "experimental approaches" to the corruption of a juror in the discharge of his duty is, without regard to success or failure, a violation of the law. United States v. Russell, 255 U.S. 138, 41 S.Ct. 260, 65 L.Ed. 553 (1921). The prosecution fully met the burden imposed by law.

▮ Appellant urges that the trial court erred in denying his pre-trial motion for bill of particulars, in which he requested that the government be ordered to tell him exactly what he was alleged to have said to Mrs. Hinton on the occasions as set forth in the indictment. The granting of a motion for bill of particulars lies within the sound discretion of the trial court. It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927), Johnson v. United States, 207 F.2d 314 (5th Cir. 1953). There is no contention that

court of the United States * * *, or endeavors to influence, obstruct, or impede, the due administration of justice,

shall be fined not more than $5000 or imprisoned not more than five years, or both.

failure to have a bill of particulars resulted in any surprise during the trial. The indictment itself contained ample allegations to put appellant on notice as to the time, place and persons involved in each conversation. There was clearly no abuse of discretion by the trial judge in denying the motion.

■ Appellant's timely motion for change of venue was based on the assertion that radio, television and newspaper coverage of his past conduct prejudiced his right to a fair and impartial trial. The motion was supported by two affidavits which were executed approximately one year before the trial. In pressing his argument, appellant pointed out that the district judge, during another criminal proceeding against him about four months before the trial in the present case, said "it is a matter of common knowledge hereabout, that no case has ever been given any more publicity than the Overton cases. * * * I don't know whether there is any truth in what they say about him or not or about his brothers, but I know that that kind of atmosphere and that kind of condition is not conducive to a fair trial as a matter of presumption." The district judge denied appellant's motion, with the reservation that if an impartial jury could not be selected venue would be changed. The judge was of the opinion that conditions had changed sufficiently to remove any presumption that appellant could not receive a fair trial. As the government pointed out, no question of prejudice was made to appear on the part of any juror during the voir dire and no juror was challenged for cause by either side. Considering the record as a whole, there was no abuse of discretion by the trial judge in denying the motion for change of venue. Greenhill v. United States, 298 F.2d 405 (5th Cir. 1962). See Estes v. United States, 335 F.2d 609 (5th Cir. 1964).

■■ Mrs. Hinton testified as to the content of the conversations she had with appellant Overton. She also testified that she communicated the substance of these conversations to her husband who was in jail. Hinton himself then took the stand and testified, over the timely objection of Overton's attorney, that his wife had reported to him that she had had the conversations with Overton. In his testimony Hinton related the substance of what his wife reported to him as having been said to her by Overton. Appellant strongly urges that this testimony of Hinton was a violation of the hearsay rule and was accordingly inadmissible. The government responds that Hinton's testimony has nothing to do with the hearsay rule, but was admissible as evidence of a "verbal act."

The verbal act doctrine is technically not an exception to the hearsay rule. The words offered in evidence were not offered for the purpose of proving the truth of the assertions they contained, but merely for the purpose of establishing the fact that the statements which Mrs. Hinton testified that she had made to her husband were in fact made to him by her. This was plainly pointed out when counsel for the government stated that the messages delivered to Richard Hinton by his wife were "for the purpose of showing that the conversations took place in fact, rather than for the purpose of proving the truth of the assertions contained in the remarks made by Mrs. Hinton to her husband. * * *" The conversations were admissible as "verbal acts." They were not offered to show the truth of the assertions. Ward v. United States, 296 F.2d 898 (5th Cir. 1961).

It was essential that appellant should have Mrs. Hinton make contact with the witness Richard Hinton and tell him what appellant had said regarding Richard Hinton's decision to testify against appellant's brother. Mrs. Hinton may be regarded as appellant's agent, or the conduit through which appellant communicated with the witness. Hicks v. United States, 173 F.2d 570 (4th Cir. 1949). See also Phillips v. United States, 356 F.2d 297 (9th Cir. 1965).

The rule is well stated by Wigmore who points out that "[w]herever an utterance is offered to evidence the *state*

*of mind* which ensued *in another person* in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the Hearsay rule is concerned." VI Wigmore, Evidence, 235 (3rd ed.)

 In any event, the admission of the conversations was not prejudicial in view of Mrs. Hinton's prior testimony reciting the details of her conversations with appellant and her statement that the messages were in fact delivered to the witness Richard Hinton. Bedell v. United States, 78 F.2d 358 (8th Cir. 1935).

The judgment of conviction is Affirmed.