UNITED STATES of America, Appellee,

v.

Jerry FASOLINO, Appellant.

No. 180, Docket 78–1225.

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1978.

Decided Oct. 30, 1978.

---

**940**

Mark J. Mahoney, Doyle, Diebold, Bermingham, Gorman & Brown, Buffalo, N. Y., for appellant.

Michael J. Keane, Dept. of Justice, Washington, D. C. (Richard J. Arcara, U. S. Atty., W.D.N.Y., Buffalo, N. Y., Jerome M. Feit, Dept. of Justice, Washington, D. C., Richard D. Endler, Sp. Atty., Buffalo Strike Force, Buffalo, N. Y., of counsel), for appellee.

Before OAKES, GURFEIN and MESKILL, Circuit Judges.

PER CURIAM:

Appellant argues that the proof of the crime of which he was convicted, corruptly endeavoring to influence the court or affect the due administration of justice,[1] was insufficient. We disagree and accordingly affirm the judgment of the United States District Court for the Western District of New York, John T. Elfvin, *Judge.*[2]

The three elements of the crime are (1) endeavoring, (2) corruptly, (3) to influence an officer of the court or the due administration of justice. Taking the evidence in the light most favorable to the Government, as we must, each of the elements was sufficiently proven.

Appellant did "endeavor" under the statute. Not once, but twice, he approached one Messina, an attorney and acquaintance of his who was also Commissioner of Jurors for Erie County, New York, and acquainted with United States District Judge Curtin, about a sentencing pending before the judge involving one Quaranta. Appellant, seeking to obtain for Quaranta probation on a mail fraud charge involving up to five years' imprisonment, asked Messina whether he "[c]ould . . . talk to the Judge, take him to lunch?," and received the reply, "No, it's out of the question." At appellant's request, however, Messina did find out from the probation office that the presentence report was favorable and reported this to appellant. Appellant then told Messina that he "should talk to the Judge and take him out to lunch"; Messina replied, "Look, I told you that's out of the question the first time, forget it." No one approached Judge Curtin in any way. Nevertheless, there was an endeavor within the statute, which is very similar to a criminal solicitation statute, *see* W. LaFave & A. Scott, *Criminal Law* § 58 (1972), and does not require proof that would support a charge of attempt. *Osborn v. United States*, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966); *United States v. Russell* 255 U.S. 138, 41 S.Ct. 260, 65 L.Ed. 553 (1921); *United States v. Rosner*, 485 F.2d 1213 (2d Cir. 1973), *cert. denied*, 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 672 (1974). Thus, it is no defense that the putative intermediary declined to approach

---

1. 18 U.S.C. § 1503 provides in pertinent part:
   Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any . . . officer in or of any court of the United States . . . in the discharge of his duty, . . or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. *United States v. Fasolino*, 449 F.Supp. 586 (W.D.N.Y.1978).

the judge or that the endeavor was unsuccessful. *United States v. Russell, supra,* 255 U.S. at 143, 41 S.Ct. 260. The crime is one that can be committed merely by words, and words are sometimes misunderstood, LaFave & Scott, *supra,* at 416–17; but the likelihood of a misunderstanding here was substantially removed by appellant's repetition of the solicitation albeit phrased first as a question and later as a declaration.

Appellant's endeavor was also made "corruptly." In response to the statement of a Government informer that he was concerned about a certain person in federal court, appellant said, "You need something in federal? What's the guy's name?" He then elaborated that he asked because he thought that it might be Quaranta and that as to him, "I got a guy going in to straighten that out. . . . [T]his guy's going up on the 13th for sentencing, we're trying to get him maybe two or three years probation . . . . my man's having lunch with Curtin tomorrow . . . ." and that if the report were favorable his man could "[e]laborate on the good." In the course of a subsequent conversation with the informer appellant stated that he was charging only $1,000 and that the money would not be paid until sentencing because appellant had "guaranteed" two or three years' probation. As appellant suggests in his brief, the jury could have taken this guarantee to be mere puffery, designed to impress the informant and set him up for a "sting," because appellant's "man" was *not* going to see the judge; but the jury could also have found in this statement an admission that appellant was in fact not only trying to do something for Quaranta, he was doing it for money. And Messina *did* go to the probation office and find out about the presentence report although what he said to the probation officer is in dispute. Whether the endeavor was "corrupt" was a question for the jury, *Knight v. United States,* 310 F.2d 305, 307–08 (5th Cir. 1962), under proper instructions emphasizing that the endeavor had to be "motivated by an improper purpose." The court instructed the jury that it could find appellant's intent to be

corrupt if it determined that appellant knew that Messina had no personal knowledge about Quaranta or information relevant to his sentencing and that appellant "knew or thought that Mr. Messina had some friendship or special relationship or special association with Judge Curtin which [appellant] thought would, *by itself,* be persuasive with Judge Curtin" (emphasis added). We agree with the government that an endeavor to exploit such a relationship, actual or perceived, may be found to be corrupt.

■ The appellant argues, however, that the admissions to the Government informer were not competent evidence absent corroboration that the admissions were reliable or that the crime charged was in fact committed. *United States v. Marcus,* 401 F.2d 563, 565 (2d Cir. 1968), *cert. denied,* 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969). Independent evidence is required because it tends to make the admission reliable while helping to establish independently the other necessary elements of the offense. *Smith v. United States,* 348 U.S. 147, 151–59, 75 S.Ct. 194, 99 L.Ed. 192 (1954); *Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954). But such corroborative evidence need not be in and of itself sufficient to establish, independent of the admission, the corpus delicti; "[i]t is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Id.; see also Smith v. United States, supra,* 348 U.S. at 156, 75 S.Ct. 194. The corroborative evidence here meets, if by no great margin, that standard. At appellant's request, and as appellant told the informer Messina would, Messina did in fact find out about Quaranta's presentence report and report back to appellant on its favorability, even though Messina had no relationship whatsoever to the Quaranta case and, curiously, neither appellant nor Messina apparently ever approached Quaranta's lawyer who probably could have given appellant the same information. In addition to being a lawyer, Messina *did* have an official position as a state jury commissioner which in

appellant's eyes gave Messina power; and he and appellant had a social relationship, which appellant conveyed to the informer by the phrase "my guy" or "my man." Although Messina declined in fact to approach the judge, appellant's repetition of his request, established by Messina's testimony, indicated that appellant thought that Messina might do so.

█ Finally, the evidence of the corrupt endeavor clearly shows that it was made "to influence" the judge or the due administration of justice. Appellant solicited Messina to importune the judge to impose a lenient sentence.

Judgment affirmed.

Friendly, Circuit Judge, concurred dubitante and filed opinion.