UNITED STATES of America

v.

TRIUMPH CAPITAL GROUP, INC., et al.

No. 3:00CR217 (EBB).

United States District Court, D. Connecticut.

April 16, 2003.

Nora R. Dannehy, Thomas V. Daily, David A. Ring, U.S. Attorney's Office, Hartford, CT, John H. Durham, Michael E. Runowicz, William J. Nardini, U.S. Attorney's Office, New Haven, CT, Mark G. Califano, U.S. Attorney's Office, Bridgeport, CT, Linda B. Bridgman, U.S. Securities & Exchange Comm., Boston, MA, David J. Stander, U.S. Department of Justice Criminal Div., Washington, DC, for U.S.

Eathan A. Levin–Epstein, Robert A. Richardson, Garrison levin–Epstein Chimes & Richardson, New Haven, CT, Tracy A. Miner, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Richard M. Egbert, Law Office of Richard M. Egbert, Boston, MA, William F. Dow, III, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Tracey A. Miner, Keith P. Carroll, R. Robert Popeo, Cristina D. Hernandez–Malaby, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, Donald J. McCarthy, Jr., McCarthy, Schuman & Coombes, Hartford, CT, Richard M. Asche, Russell M. Gioiella, Jack T. Litman, Todd B. Terry, Litman, Asche & Gioiella, New York City, John M. McKenna, Goodman, Rosenthal & McKenna, West Hartford, CT, George C. McMahon, North Quincy, MA, Jeremiah F. Donovan, Terry Donovan, Old Saybrook, CT, for Defendants.

## RULING ON MOTION TO DISMISS

BURNS, Senior District Judge.

Pending before the Court in this public corruption case [1] against Triumph Capital Group, Inc. ["Triumph"], Frederick W. McCarthy ["McCarthy"], Charles B. Spadoni ["Spadoni"], Lisa A. Thiesfield ["Thiesfield"] and Ben F. Andrews ["Andrews"] is the Rule 12(b) motion of Triumph and Spadoni to dismiss Count TwentyFour and Racketeering Act 5A of Count One of the superseding indictment which allege obstruction of justice in violation of 18 U.S.C. § 1503. Triumph and Spadoni assert that the indictment is legally insufficient because it does not allege that Spadoni destroyed documents that were under subpoena by the grand jury or that he acted with actual knowledge that the documents would be subpoenaed. They also assert that the charges must be dismissed because the obstruction of justice statute is void for vagueness as applied.

For the following reasons, the motion to dismiss [Doc. No. 537] is DENIED.

## STANDARD

■ A criminal indictment is governed by Rule 7(c), F.R.Crim. P. This rule only requires an indictment to contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." *Id.* To be legally sufficient, an indictment must adequately charge the elements of an offense, fairly inform the defendant of the charges he must meet, and contain enough detail to permit the defendant to plead double jeopardy in a future prosecution based on the same set of events. *See, e.g., United States v. Walsh,* 194 F.3d 37, 44 (2d Cir.1999). Indictments are legally sufficient if they do little more than track the statutory language of the offense charged, state the approximate time and place of the alleged crime, and contain some amount of factual particularity to ensure that the prosecution will not fill in the elements of its case with facts other than those considered by the grand jury. *See id.* The only time an indictment must descend to particulars is when the definition of an offense includes generic terms. *See United States v. Pirro,* 212 F.3d 86, 93 (2d Cir.2000).

■ Indictments do not have to set forth evidence or details of how a crime was committed. *See, e.g., United States v. Carrier,* 672 F.2d 300, 303–04 (2d Cir. 1982). The validity of an indictment is tested by its allegations, not by whether the government can prove its case. *See*

---

**1.** The facts of this case have been fully set forth in prior rulings and are therefore presumed.

*Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Thus, a technically sufficient indictment "is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." *See, e.g., United States v. Alfonso,* 143 F.3d 772, 776–77 (2d Cir. 1998) (holding that district court erred in dismissing the indictment based on sufficiency of evidence); *United States v. Paccione,* 738 F.Supp. 691, 696 (S.D.N.Y.1990). "It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence. Instead, a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary sufficiency." *United States v. Gambino,* 809 F.Supp. 1061, 1079 (S.D.N.Y.1992), *aff'd,* 17 F.3d 572 (2d Cir.1994).

For these reasons, when considering a motion to dismiss an indictment, the Court must not conflate or confuse permissible claims based on sufficiency of the government's allegations with impermissible claims based on sufficiency of the government's evidence. *See, e.g., United States v. Elson,* 968 F.Supp. 900, 905 (S.D.N.Y. 1997). "[I]t would run counter to the whole history of the grand jury institution to permit an indictment to be challenged 'on the grounds that there was inadequate or incompetent evidence before the grand jury.'" *United States v. Williams,* 504 U.S. 36, 55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (quoting *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). Thus, "[b]ased on the role assumed by a faithful grand jury in the accusatory process, an indictment, if valid on its face, is enough to call for trial of the charges on the merits." *United States v. Labate,* No. S100CR632, 2001 WL 533714, at *10 (S.D.N.Y. May 18, 2001) (quoting *Costello,* 350 U.S. at 363, 76 S.Ct. 406).

## THE INDICTMENT

In Count Twenty–Four and Racketeering Act 5A of Count One, the indictment charges Triumph and Spadoni with violating 18 U.S.C. § 1503, obstruction of justice. Specifically, the indictment alleges that on May 25, 1999, Triumph Connecticut–II was served with a subpoena requesting all records from 1997 to that date relating to the solicitation of an investment placement by the State of Connecticut. Triumph Connecticut–II is a limited partnership controlled by Triumph Capital professionals that was organized in November 1998, with the State of Connecticut as its only limited partner. On Memorial Day weekend, 1999, Spadoni, Triumph Capital's general counsel, allegedly discussed the existence of that grand jury subpoena.

Between May 25, 1999, and April 2000, Spadoni allegedly deleted, transferred or used software programs to overwrite certain files and documents stored on the hard drive of his laptop which were relevant to the grand jury investigation.

Between August 1999, and July 2000, Spadoni also allegedly deleted, destroyed or failed to produce to the grand jury computer diskettes which contained documents and information relevant to the grand jury investigation.

Further, between May 25, 1999, and July 2000, Spadoni and Triumph allegedly "did corruptly influence, obstruct, and impede, and did endeavor to influence, obstruct, and impede, the due administration of justice in a federal grand jury … by knowingly and willfully deleting, overwriting, destroying or failing to produce records which were relevant to a grand jury investigation, believing that production of the records would likely be ordered by the grand jury, in violation of Title 18, United States Code, § 1503."

## THE STATUTE

The statute at issue, 18 U.S.C. § 1503, entitled "[i]nfluencing or injuring officer or juror generally," provides in relevant part:

> Whoever corruptly ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished ....

15 U.S.C. § 1503(a).

This portion of the statute is commonly referred to as the "omnibus clause" because it serves as a catch all obstruction of justice provision. *See e.g., United States v. Frankhauser,* 80 F.3d 641, 650 (1st Cir. 1996).

## DISCUSSION

Triumph and Spadoni maintain that the allegations are insufficient to charge obstruction of justice under the omnibus clause of § 1503 because they do not allege that Spadoni destroyed documents that were under subpoena or that he acted with the required mens rea. Further, Spadoni and Triumph argue that the obstruction of justice charges against them are void for vagueness as applied.

### A. *Sufficiency of the Indictment*

Spadoni and Triumph contend that the allegations that Spadoni deleted documents that were relevant to the grand jury investigation believing they would likely be ordered by the grand jury are deficient because there is no allegation (1) that the documents were under subpoena when they were destroyed, or (2) that Spadoni knew the grand jury would subpoena the documents. In support of their claim, Spadoni and Triumph rely principally on *United States v. Aguilar,* 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) and *United States v. Schwarz,* 283 F.3d 76 (2d Cir.2002).

■ In *Aguilar,* the Supreme Court held that proof that a defendant knew of a pending judicial or grand jury proceeding and intended to obstruct it is not sufficient to sustain a conviction under the omnibus clause of § 1503. In addition to such knowledge and intent, the Court engrafted a nexus requirement onto the intent element that is satisfied only when the obstructing conduct "has some relationship in 'time, causation, or logic' to a judicial or grand jury proceeding so that it may be said to have the 'natural and probable effect' of interfering with that judicial proceeding." *Schwarz,* 283 F.3d at 108 (citing *Aguilar,* 515 U.S. at 599–600, 601, 115 S.Ct. 2357). Accordingly, under *Aguilar,* if a defendant lacks knowledge that his actions are likely to affect a pending judicial or grand jury proceeding, he necessarily lacks the requisite intent to obstruct. *See Aguilar,* 515 U.S. at 598, 115 S.Ct. 2357.

Thus, while the defendant in *Aguilar* knew that a grand jury investigation was pending and was aware of the possibility that his false statements to FBI agents might be put before it, his conviction could not stand because there was no evidence that he knew the agents were going to testify before the grand jury and convey his falsehoods. *See id.* at 600–01, 115 S.Ct. 2357.

Similarly, in *Schwarz,* the Second Circuit reversed the convictions for conspiracy to violate the omnibus clause of § 1503 because there was no showing that the defendant knew the false statements he made to federal investigators would be repeated to the grand jury. While the defendant may have hoped the investigators would repeat his statements to the grand jury, and even though that may have been a possibility, there was no evidence from which a rational trier of fact could conclude that the defendant knew his

actions were likely to affect the grand jury proceedings. *See Schwarz,* 283 F.3d at 109; *United States v. Gabriel,* 125 F.3d 89, 103 (2d Cir.1997) (noting that *Aguilar* incorporated a "likely to affect" requirement into § 1503 which is not satisfied when a defendant makes a false statement to a potential witness who might testify before a grand jury).

■ Here, the problem with Triumph and Spadoni's argument is that it conflates pleading with proof. *See, e.g., Costello,* 350 U.S. at 363, 76 S.Ct. 406. Neither *Aguilar* nor *Schwarz* involved the sufficiency of the indictment—the issue in both cases was the sufficiency of the evidence. In both cases the possibility or hope that the defendant's conduct would influence the grand jury was not sufficient to prove that the defendant knew or entertained any expectation that his conduct would influence it. But neither case held that the nexus requirement, i.e., a relationship in time, causation or logic between the conduct and the judicial proceeding, is an element of § 1503 that must be alleged in the indictment. To the contrary, as the government contends, the nexus requirement must only be proved at trial. Specifically, to prove that Spadoni and Triumph had the specific intent to obstruct the grand jury, the government must offer evidence of conduct "that, in [Spadoni's] mind, has the 'natural and probable effect' of obstructing or interfering with [the grand jury]." *See Schwarz,* 283 F.3d at 109 (citing *Aguilar,* 515 U.S. at 599, 115 S.Ct. 2357).

The indictment in this case sufficiently alleges the elements of obstructing justice under the omnibus clause of § 1503: that Spadoni (1) endeavored (2) corruptly (3) to influence or obstruct the due administration of justice. *See* 18 U.S.C. § 1503; *United States v. Fasolino,* 586 F.2d 939, 940 (2d Cir.1978). Whether the government can prove that Spadoni knew his actions were likely to affect the grand jury will depend on the evidence at trial. *See United States v. Furkin,* 119 F.3d 1276, 1282 (7th Cir.1997). The fact that the indictment alleges that Spadoni believed that the grand jury would likely order the production of the documents does not compel a contrary conclusion. *Cf. United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (holding that an indictment is sufficient as long as it fully and clearly sets out the crime and the elements of the offense even if the evidence consists of proof of other means of committing the same crime).

■ Finally, because the statute is not ambiguous and the case law construing it is clear, there is no need, as Spadoni suggests, to resort to the comments that Senator Lott and Senator Hatch made in proposing an amendment to the witness tampering statute, 18 U.S.C. § 1512. *Cf. Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 110, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) (holding that where statutory language is unambiguous it is to be regarded as conclusive unless there is clearly-expressed legislative intent to the contrary). There is also no need to apply the rule of lenity. *See United States v. Kavoukian,* 315 F.3d 139, 144 (2d Cir. 2002) (noting that the rule of lenity applies only where a statute is so grievously ambiguous that a court can only guess what Congress intended). A statute is not ambiguous merely because the parties interpret it differently.

## B. *Void for Vagueness as Applied*

Spadoni and Triumph also maintain that Count Twenty–Four and Racketeering Act 5A of Count One must be dismissed because the omnibus clause of the statute is unconstitutionally vague. The claimed vagueness exists because (1) the statute

does not expressly prohibit the alleged conduct and (2) the term "corruptly" is not sufficiently specific to give Spadoni adequate notice that the alleged conduct was prohibited. There is no merit to these claims.

■ To avoid being impermissibly vague, a criminal statute must "define the ... offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *see also United States v. Crozier,* 987 F.2d 893, 900 (2d Cir.1993). Put another way, a statute is not unconstitutionally vague unless it "fail[s] to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *see also United States v. Coonan,* 938 F.2d 1553, 1561–62 (2d Cir.1991).

■ When a statute contains a scienter requirement, i.e., a corrupt purpose, it provides adequate notice of the proscribed conduct. *See United States v. Thompson,* 76 F.3d 442, 452 (2d Cir.1996); *see also Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 499, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). Section 1503 contains a scienter requirement by proscribing only corrupt endeavors to obstruct justice. *See* 18 U.S.C. § 1503; *see also Thompson,* 76 F.3d at 452. Corrupt conduct is conduct that is motivated by an improper purpose. *See Thompson,* 76 F.3d at 452; *Fasolino,* 586 F.2d at 941. Thus, the use of "corrupt" in § 1503 provides adequate notice of the proscribed conduct and the statute is not impermissibly vague. *See Thompson,* 76 F.3d at 452.

■ Further, it is immaterial that the statute does not specifically prohibit the precise conduct that Spadoni allegedly employed to obstruct justice. It is not the means employed that the statute prohibits, but the corrupt purpose that motivated the conduct. *See United States v. Cueto,* 151 F.3d 620, 630 (7th Cir.1998); *United States v. Cintolo,* 818 F.2d 980, 987 (1st Cir.1987); *United States v. Mitchell,* 877 F.2d 294, 299 (4th Cir.1989). Indeed, even conduct that would otherwise be lawful, i.e., deleting documents not under subpoena from one's computer, can violate § 1503 if done with corrupt intent to accomplish what the statute forbids. *See Cueto,* 151 F.3d at 631. "Means, though lawful in themselves, can cross the line of illegality if (i) employed with a corrupt motive, (ii) to hinder the due administration of justice, so long as (iii) the means have the capacity to obstruct." *Cintolo,* 818 F.2d at 992.

Moreover, numerous courts have rejected arguments similar to Spadoni's that the statute is impermissibly vague because it could have easily prohibited the destruction of documents in anticipation of a grand jury subpoena. According to those decisions, the omnibus clause was broadly and intentionally drafted to ensure that criminals could not circumvent the statute's purpose by "devising novel and creative schemes that would interfere with the administration of justice but would nonetheless fall outside the scope of § 1503's specific provisions." *Cueto,* 151 F.3d at 630 (quoting *United States v. Tackett,* 113 F.3d 603, 607 (6th Cir.1997)). As another court stated, the statute was drafted with an eye to "the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted, a variety limited only by the imagination of the criminally inclined." *United States v. Griffin,* 589 F.2d 200, 206 (5th Cir.1979). "[T]he mere fact that a term 'covers a broad spectrum of conduct' does not render it vague, and the requirement that a statute must give fair notice as to what conduct is proscribed cannot be used as a

shield by one who is already bent on serious wrongdoing." *Cueto*, 151 F.3d at 631 (quoting *Griffin*, 589 F.2d at 206–07).

### CONCLUSION

For the foregoing reasons, the motion of Spadoni and Triumph to dismiss Count Twenty–Four and Racketeering Act 5A of Count One of the superseding indictment [Doc. No. 537] [2] is DENIED.

SO ORDERED.

2.   Defendant Triumph Capital by motion [Doc. No. 540] adopted Defendant Spadoni's Motion to Dismiss.